UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------x
MAUREEN NELSON,                                    **NOT FOR PUBLICATION**

          Plaintiff,
                                                   **MEMORANDUM AND ORDER**
    -against-
                                                   16-CV-4727 (KAM)(LB)
NEW YORK CITY,

          Defendant.
----------------------------------x
**MATSUMOTO, United States District Judge:**

      *Pro se* plaintiff Maureen Nelson brings this action pursuant to 42 U.S.C. § 1983 ("§ 1983"). Plaintiff's application to proceed *in forma pauperis* is granted. The City of New York is dismissed as a defendant, and plaintiff is granted leave to submit an amended complaint within thirty (30) days of the date of this Order.

## BACKGROUND

      The following factual allegations are taken from the Complaint and are assumed to be true for the purpose of this Order. On August 23, 2013, plaintiff was involved in a domestic dispute, and the police were called. (Complaint, ("Compl.") ECF No. 1 at III.C.) Approximately seven uniformed officers arrived, they arrested plaintiff, and she was taken to the emergency room at Kings County Hospital with serious chest and hand pains. (*Id.*)

At the hospital, she was given 600 mg of Motrin to be taken every six hours. (Compl., ECF No. 1 at IV.) She "was released to the officers [and] driven to the 71st Precinct in handcuffs and shackles around [her] ankles." (Compl., ECF No. 1 at III.C.) During the booking process, plaintiff felt ill and sought medical assistance, but no help came. (*Id.*)

Plaintiff seeks unspecified damages for false arrest, denial of medical assistance, and emotional and physical pain. (Compl., ECF No. 1 at V.)

## DISCUSSION

In reviewing the complaint, the court is mindful that "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and citations omitted); *see also Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008). If a liberal reading of the complaint "gives any indication that a valid claim might be stated," this Court must grant leave to amend the complaint. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

However, pursuant to the *in forma pauperis* statute, a district court must dismiss a case if the court determines that the complaint "is frivolous or malicious; fails to state a claim

on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

Plaintiff's complaint invokes her constitutional rights, a claim which may be cognizable under 42 U.S.C. § 1983. In order to state a § 1983 claim, a complaint must allege two essential elements. First, "the conduct complained of must have been committed by a person acting under color of state law." *Pitchell v. Callan*, 13 F.3d 545, 547 (2d Cir. 1994). Second, "the conduct complained of must have deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States." *Id.* In order to bring a claim pursuant to § 1983, a plaintiff must show that each of the named individuals is personally liable for the alleged harm. *Farrell v. Burke*, 449 F.3d 470, 484 (2d Cir. 2006). "Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). A municipality can be liable under § 1983 only if a plaintiff can show that a municipal policy or custom caused the deprivation of his or her constitutional rights. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690-91

(1978); *Cash v. County. of Erie*, 654 F.3d 324, 333 (2d Cir. 2011), *cert. denied*, 132 S. Ct. 1741 (2012) ("[T]o establish municipal liability under § 1983, a plaintiff must prove that action pursuant to official municipal policy caused the alleged constitutional injury." (citation and internal quotation marks omitted)). Proof of a single incident of unconstitutional activity is not sufficient to impose liability on a municipality unless proof of the incident includes proof that it was caused by an existing, unconstitutional municipal policy that can be attributed to a municipal policymaker. *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 823-24 (1985).

In this case, plaintiff does not allege any unconstitutional policy or custom attributable to the City of New York. Accordingly, her claims against the City of New York are dismissed for failure to state a claim on which relief may be granted, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Plaintiff has not named any individual officials who could be held liable under § 1983; accordingly, the case must be dismissed.

In light of plaintiff's *pro se* status, however, the court grants leave to amend the complaint to identify the individual or individuals whom plaintiff believes to have been responsible for the alleged deprivation of her constitutional rights. If plaintiff does not know the names and badge numbers

4

of the arresting officers or the officials responsible for her safety during the booking process, she may identify each of them as John Doe Police Officer #1, or the like, along with any physical description. She must provide the date and location for all relevant events and a brief description of what each defendant did or failed to do in violation of her civil rights.

## **CONCLUSION**

Plaintiff's claims against the City of New York are dismissed for failure to state a claim on which relief may be granted, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). The Court grants plaintiff leave to file an amended complaint within 30 days of the date of this order. The amended complaint must be captioned, "Amended Complaint," and shall bear the same docket number as this order. If plaintiff fails to file an amended complaint within thirty days, the complaint will be dismissed and judgment shall enter. No summons shall issue at this time, and all further proceedings shall be stayed for thirty (30) days. The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962). The Clerk of Court is respectfully

requested to serve plaintiff with a copy of this Memorandum and Order and note service on the docket.

**SO ORDERED.**

Dated:   December 20, 2016
         Brooklyn, New York

_____/s/_____
Hon. Kiyo A. Matsumoto
United States District Judge